IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                                    Case No. 24-CR-125-JFH

GERSON ARMANDO ROMERO SALAZAR,

Defendant.

## OPINION AND ORDER

Before the Court is a Motion to Dismiss Indictment  ("Motion") filed by Defendant Gerson Armando Romero Salazar ("Defendant").   Dkt. No. 20.   The United States of America ("Government") filed a response in opposition to Defendant's Motion.[1]  Dkt. No. 27.  After seeking leave from the Court, Defendant filed a reply.  Dkt. No. 33.  For the following reasons, Defendant's Motion [Dkt. No. 20] is DENIED.

## BACKGROUND

On April 16, 2024, Defendant was charged by indictment with one count of Alien Unlawfully in the United States in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(8).  Dkt. No. 2.  This matter is currently set on the Court's July 15, 2024 jury trial docket.  Dkt. No. 24.

## ANALYSIS

Defendant moves to dismiss the indictment [Dkt. No. 2] arguing that the alien in possession statute, 18 U.S.C. § 922(g)(5)(A), violates the Second Amendment in the wake of the United States Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111

---

[1]  The Court granted the Government an extension of time to file its response.  Dkt. No. 25.

(2022).  Dkt. No. 20 at 1.  Specifically, Defendant argues that § 922(g)(5)(A) is unconstitutional on its face because unlawful aliens are included within the "people" protected by the Second Amendment following the framework established in *Bruen*.  *Id*. at 5-8.

In 2022, *Bruen* examined the Second Amendment's constitutional protection of the right to keep and bear arms.  142 S. Ct. 2111.  *Bruen* did not concern a criminal statute.  Rather, it involved a challenge to federal firearms licensing regime, which required an individual applying for a license to carry a handgun outside his or her home to demonstrate "proper cause," or a "special need for self-protection distinguishable from that of the general community."  *Id.* at 2123.  The *Bruen* decision included a nuanced discussion of Second Amendment caselaw and announced a new two-prong test for evaluating the constitutionality of firearms regulation.  *Id*. at 2126.  Under the first prong, the Court must determine whether the plain text of the Second Amendment covers the conduct at issue.  *Id*. at 2129, 2134–35.  If so, the second prong requires the Government to establish that the regulation is consistent with the historical tradition of firearms regulation in the United States.  *Bruen*, S. Ct. 2111, 2129–30.

In September of 2023, the Tenth Circuit issued an opinion addressing *Bruen*.  *Vincent v. Garland*, 80 F.4th 1197 (10th Cir. 2023).  In *Vincent*, the Tenth Circuit considered whether *Bruen* overruled its precedential decision in *United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009), wherein the Tenth Circuit upheld the constitutionality of 18 U.S.C. § 922(g)(1), prohibiting the possession of firearms by previously convicted felons.  *Id*. at 1202.  The Tenth Circuit held that because *Bruen* did not "indisputably and pellucidly abrogate[]" its ruling in *McCane*, it was obligated to apply its prior precedent.  *Id*.

Like the felon in possession statute, the Tenth Circuit has upheld the constitutionality of the alien in possession statute.  *United States v. Huitron-Guizar*, 678 F.3d 1164, 1167-1170 (10th

Cir. 2012) (upholding the constitutionality of 18 U.S.C. § 922(g)(5)(A)). Like *McCane*, *Huitron-Guizar* is not expressly overruled by *Bruen*. Therefore, the Court is bound to apply *Huitron-Guizar* and find that § 922(g)(5)(A) is not facially unconstitutional. *See United States v. Spedalieri*, 910 F.2d 707, 709 n.2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit."). For this reason, Defendant's argument is foreclosed by *Huitron-Guizar* and *Vincent*.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant Gerson Armando Romero Salazar's Motion to Dismiss Indictment [Dkt. No. 20] is DENIED.

DATED this 11th of June 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

3